**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 21-cv-01024-RM-SKC

CHADWICK JORDAN,

    Plaintiff,

v.

WF HOLDINGS, LLC, et al.,

    Defendants.

---

**ORDER**

---

    Before the Court is the Recommendation of United States Magistrate Judge S. Kato Crews (ECF No. 33) to grant Defendants' Motion to Dismiss (ECF No. 20) for lack of standing. Although the Court granted Plaintiff an extension of the deadline to respond to the Recommendation (ECF No. 37), that deadline has passed without an Objection by Plaintiff. For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation. That deadline passed without a response from any party.

    "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

As explained in the Recommendation, Plaintiff bears the burden of establishing standing for each of his claims. But the alleged injury here is to a limited liability corporation, C. Jordan, LLC, not Plaintiff himself. The Court agrees with the magistrate judge's conclusion that the allegations in the Complaint do not show Plaintiff suffered an individualized injury in fact. And because Plaintiff is not a licensed attorney, he cannot represent a limited liability corporation. The Court discerns no error on the face of the record and agrees with the magistrate judge's determination that the claims in this case should be dismissed without prejudice. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Because Plaintiff proceeds pro se, the court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, although Plaintiff did not file a timely Objection to the Recommendation, he has filed three motions since the deadline for written objections has passed. First, he has filed a Motion to Stay and Appoint Counsel, requesting that the Court "stay litigation until May 16, 2022." (ECF No. 34 at 1.) However, stays are generally disfavored in this district,

*see Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983), and Plaintiff has failed to show good cause for granting a stay.

Second, he has filed a Motion to Extend Objections (ECF No. 35), which the Court construed as a motion for an extension of the deadline to respond to the Recommendation and granted. As mentioned above, the extended deadline has passed without an Objection by Plaintiff.

Third, Plaintiff filed a Motion to Amend, seeking leave to file an amended complaint "with a newly appointed licensed attorney." (ECF No. 36 at 2.) But no attorney has entered an appearance in this matter, and Defendants' Motion informed Plaintiff in June 2021 that the limited liability company needed to be represented by an attorney and that any pleadings filed by a non-attorney on behalf of a limited liability corporation must be stricken. (*See* ECF No. 20 at 8 n.4.) Nor has Plaintiff provided a proposed amended complaint to establish that allowing an amendment would not be futile.

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 33) and GRANTS the Motion to Dismiss (ECF No. 20). The Clerk is directed to CLOSE this case.

DATED this 29th day of March, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge